CELESTINO VILLARÁN, Plaintiff and Appellant, v. LOÍZA SUGAR COMPANY, Defendant and Appellee.

No. 4696.   Argued February 21, 1930.—Decided March 27, 1930.

E. López Tizol, for appellant.   Jaime Sifre Jr., Diego O. Marrero and Horacio Franceschi, for appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

It appears from the pleadings in this case that the defendant Loíza Sugar Co., a domestic corporation engaged in the cultivation of sugar cane and the manufacture and sale of cane sugar, at Loíza, P. R., owns and operates a steam railroad between Loíza, Carolina and Río Grande; and that at 4 p. m. on December 26, 1922, a train of the said railroad was in use and operated by employees of the defendant acting within the scope of their employment.

It was alleged by the plaintiff that, at the hour and on the date above mentioned, Carmelo Villarán, his legitimate son, was traveling with other persons in one of the wagons of the said train of the defendant, operated by the latter's employees on duty at that time; that, due to the fault and

negligence of the said employees, who were running the train at a great speed when approaching the Pavón siding, and due also to the defective condition of the track and of the switch, several wagons left the rails and overturned, among them that in which was traveling Carmelo Villarán, who fell under a wagon and suffered injuries and bruises which caused his death; that Carmelo Villarán was a boy eight years old, intelligent, industrious, and of good conduct.

The defendant alleged that its employees were running the train with care and at a moderate speed, and that the railroad track and switches were in good condition; that Carmelo and his mother had got into the wagon against the express orders of the persons in charge of the train, and that the train was devoted to the private use of the corporation.

At the trial the plaintiff introduced his own testimony and the birth certificate of Carmelo. The defendant filed a motion for nonsuit, which was sustained, and a judgment was entered in his favor accordingly. In its statement of the case and opinion, the lower court held that it had not been shown that the defendant's employees were negligent from the mere fact that a derailment had occurred, nor that the train was being run at an excessive speed, nor that the track was in a defective condition.

The plaintiff-appellant now assigns as error the dismissal of the complaint by the court, and maintains that the judgment was contrary to the law and the evidence.

The testimony of Celestino Villarán is, indeed, the poorest piece of evidence that could be produced. He did not see the derailment and could make no positive statement as to the speed at which the train was being run. He only stated that when he arrived there, at the siding, he found that the rails and the switch were not in good condition; that the track was in bad condition and was not level. He also stated that he has had no experience in railroad work, but that he had worked on wagons and in setting up posts; that he saw that the rails were not straight; that when the rails

are straight they must be level, and that the track of the siding was uneven. Upon being further examined and asked to explain what he meant by unevenness, he said that he meant that there was a curve and that there were several sidings there.

The theory of the plaintiff, if we judge it correctly, is that once it was shown that the train was being operated by the employees of the defendant, acting within the scope of their employment, and that the derailment occurred on a track owned by the defendant, the fact speaks for itself and it is sufficient to cause the presumption of negligence to arise. What he invokes is the doctrine of *res ipsa loquitur*.

That doctrine is an exception to the general rule that negligence must be affirmatively proved. Where the occurrence or the accident is such as in the ordinary course of things does not happen if those who have control or management of the thing causing the injury complained of use proper care or ordinary diligence, the occurrence or the accident may be accepted as a substitute for the proof of negligence. As stated in some cases, the doctrine has reference to the method of proof of general negligence. In *San Juan Light Co.* v. *Requena*, 224 U. S. 89, 98, the Supreme Court of the United States has accurately defined the doctrine, as follows:

"..... the doctrine of *res ipsa loquitur* ..... is (that) when a thing which causes injury, without fault of the injured person, is shown to be under the exclusive control of the defendant, and the injury is such as in the ordinary course of things does not occur if the one having such control uses proper care, it affords reasonable evidence, in the absence of an explanation, that the injury arose from the defendant's want of care."

That the doctrine is not a rigid or arbitrary formula, but a rule that adjusts itself to circumstances, is shown by the decisions of the courts in many States of the Union. Its applicability, as has been said, must depend upon the peculiar

facts and circumstances of each individual case. (See 45 C. J. 1200, par. 771.)

In the case at bar the evidence introduced, even with the admissions, did not establish anything substantial meriting attention. It can not be concluded from such evidence that the track was in bad condition at the time of the derailment, nor that the train was going at an unusual rate of speed, nor that the child was a passenger accepted as such. The child's mother, who was with him on that occasion, was not called as a witness. The plaintiff either could not, or did not wish to, make proof. In these circumstances, no other decision could reasonably be expected than that rendered on the motion for nonsuit.

In *Calcerrada* v. *American Railroad Co.*, 39 P.R.R. 251, 252–253, we have said, with reference to motions for nonsuit:

"There is some conflict in the authorities, but the current of them is that, on motion for nonsuit when the evidence that favors a plaintiff is negligible or a verdict in his favor would definitely be set aside, the court may grant the motion. Estate of Morey, 147 Cal. 495; Grant v. Chicago, Milwaukee & St. Paul Ry. Co. (Mont.), 252 Pac. 382; 38 Cyc. 1556.

"In the Montana case it was said that the question of the existence of substantial evidence is one of law for the court. The decisions sometimes say that if the evidence favoring the plaintiff is inherently improbable the motion may prevail. On the continent of the United States the rule is that juries pass on the facts, but in Porto Rico it is the judge alone who weighs the evidence. Perhaps if the defendant had drawn our attention to some of this jurisprudence and emphasized some of the matters to which we shall refer, we might not have reversed the judgment."

No application can be made here of the case of *Orta* v. *The Porto Rico Railway Light & Power Co.*, 36 P.R.R. 668. The facts are different. In the case cited there was no doubt whatever as to the duty of the defendant to see that the electric wires it used were placed in such a condition as to afford safety. It was there said (p. 671):

"The court also held that it was negligence on the part of the

company to maintain wires of high tension in populous places without due protection and vigilance and that this failure to provide was the proximate cause of the damages suffered by the plaintiff. The appellant maintains that the actual negligence of the defendant company was not shown and that the court was implicitly relying on the doctrine of *res ipsa loquitur*. However, with the exception of cases from Pennsylvania which the appellant cites, the prevailing rule in the United States is that where a wire of high tension falls in a public street, causing injury, the doctrine of *res ipsa loquitur* is applicable.''

The judgment appealed from must be affirmed.